UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

SOFIA ZELDIN and BORIS ZELDIN

Plaintiffs,

-against-

DAISUKE NONAKA, M.D., DAVID ROTH M.D., Ph.D,
MAX M. COHEN, M.D., XINMIN ZHANG, M.D. and
NYU HOSPITALS CENTER

Defendants.

-------------------------------------------------------------------x

**JUDGE BAER**

**COMPLAINT**

PLAINTIFFS DEMAND
A JURY TRIAL

**07 CIV 9608**

Civil No.

RECEIVED
OCT 2 9 2007
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff SOFIA ZELDIN and BORIS ZELDIN  by their attorneys, Kreindler & Kreindler

LLP respectfully allege as follows:

## JURISDICTION AND VENUE

1.    Jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332, in that

plaintiffs are citizens and residents of the State of New Jersey; defendant DAISUKE NONAKA,

M.D., (hereinafter "NONAKA") was and is a citizen and resident of the State of New York;

DAVID ROTH M.D., Ph.D., (hereinafter "ROTH") was and is a citizen and resident of the State

of New York; defendant, MAX M. COHEN, M.D., (hereinafter "COHEN") was and is citizen

and resident of the State of New York; defendant, XINMIN ZHANG, M.D., (hereinafter

"ZHANG") was and is a citizen and resident of the State of New York; defendant NYU

Hospitals Center (hereinafter "NYU") is a domestic corporation duly organized and existing

under and by virtue of the laws of the State of New York; and the amount in controversy

exceeds $75,000, exclusive of interest and costs.

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 in that the events, acts and/or omissions giving rise to plaintiffs' claims arose in this judicial district and that all defendants reside or do substantial business in this district.

## AS AND FOR A FIRST CAUSE OF ACTION
## FOR PERSONAL INJURY BASED UPON MEDICAL MALPRACTICE

3.      In May, 2005, and most particularly on May 12, 2005, plaintiff SOFIA ZELDIN sought treatment at NYU Hospitals Center in New York City.

4.      At all relevant times hereinafter mentioned, defendant NONAKA held himself out to be a practicing physician, licensed to practice medicine in the State of New York, specializing in the field of Pathology.

5.      At all relevant times mentioned, defendant  NONAKA was and still is an agent, servant, and/or employee of the defendant NYU and had  an office for the practice of his profession at Department of Pathology, New York University Hospitals Center, 560 First Avenue, Tisch Hospital, TH382 , New York, NY 10016.

6.      Defendant NONAKA evaluated SOFIA ZELDIN's lung biopsy on or about May 12 , 2005 while acting within the scope of his employment and on behalf of NYU HOSPITALS CENTER.

7.      At all relevant times mentioned, defendant ROTH held himself out to be a practicing physician, licensed to practice medicine in the State of New York, specializing in the field of Pathology

8.      At all relevant times mentioned, defendant ROTH was and still is an agent, servant, and/or employee of the defendant NYU and had an office for the practice of his

2

profession at Skirball Institute for Biomolecular Medicine, 540 First Avenue, New York , NY
10016.

9.      At all relevant times mentioned, defendant ROTH was the Chairman of the
Department of Pathology at NYU during 2005, with administrative responsibilities/duties that
included supervising and monitoring physicians and staff, and creating rules and regulations
regarding the reading and/or interpretation of pathology specimens, to ensure the quality of
patient care in the pathology department.

10.     At all relevant times mentioned, defendant COHEN held himself
out to be a practicing physician, licensed to practice medicine in the State of New York,
specializing in general surgery and hospital administration.

11.     At all relevant times mentioned, defendant COHEN was and still is an agent,
servant, and/or employee of the defendant NYU and had an office for the practice of his
profession at NYU, 550 First Avenue, New York , NY 10016.

12.     At all relevant times hereinafter mentioned, defendant COHEN was Chief
Medical Officer for  NYU HOSPITALS Center with administrative responsibility for monitoring
and ensuring the safety and quality of patient care and the quality of professional medical
services within the Hospitals Center.

13.     At all relevant times mentioned, defendant ZHANG held himself
out to be a practicing physician, licensed to practice medicine in the State of New York,
specializing in Pathology.

14.     At all relevant times mentioned, defendant ZHANG was and still is an agent,
servant, and/or employee of the defendant NYU and  had an office for the practice of his

3

profession at NYU, Medical Science Building 550 First Avenue New York 10016.

15.    Defendant ZHANG evaluated SOFIA ZELDIN's lung biopsy on or about May 12,

2005 while acting within the scope of his employment and on behalf of NYU HOSPITALS

CENTER.

16.    At all relevant times hereinafter mentioned, defendant NYU HOSPITALS

CENTER held itself out to be a domestic not for profit corporation duly organized and existing

under and by virtue of the laws of the State of New York, LOCATED AT 550 First Avenue,

New York, New York, 10016.

17.    At all relevant times hereinafter mentioned, defendant NYU had facilities in New

York City including 540, 550 and 560 First Avenue, New York, NY 10016.

18.    At all relevant times hereinafter mentioned, defendant NYU and its' employees

provided inpatient services to people, including Plaintiff SOFIA ZELDIN, for a fee.

19.    At all relevant times hereinafter mentioned, defendant NONAKA agreed and

undertook, to faithfully, carefully, skillfully and competently, and in accordance with the

approved and accepted standards of skill, knowledge and proficiency prevailing and ordinarily

possessed by others of his profession and specialty in the community, to render professional care,

aid, attention, treatment and advice in the field of Pathology to those persons soliciting or

receiving his services, including the plaintiff SOFIA ZELDIN.

20.    At all relevant times hereinafter mentioned, defendant ZHANG agreed and

undertook, to faithfully, carefully, skillfully and competently, and in accordance with the

approved and accepted standards of skill, knowledge and proficiency prevailing and ordinarily

possessed by others of his profession and specialty in the community, to render professional care,

4

aid, attention, treatment and advice in the field of Pathology to those persons soliciting or receiving his services, including the plaintiff SOFIA ZELDIN.

21.    At all relevant times hereinafter mentioned, defendant COHEN agreed and undertook, to faithfully, carefully, skillfully and competently, and in accordance with the approved and accepted standards of skill, knowledge and proficiency prevailing and ordinarily possessed by others of his profession and specialty in the community, to render professional care, aid, attention, treatment and advice in the field of Health Services Administration and Surgical Medicine to those persons soliciting or receiving his services, including the plaintiff SOFIA ZELDIN.

22.    At all relevant times hereinafter mentioned, defendant ROTH agreed and undertook, to faithfully, carefully, skillfully and competently, and in accordance with the approved and accepted standards of skill, knowledge and proficiency prevailing and ordinarily possessed by others of his profession and specialty in the community, to render professional care, aid, attention, treatment and advice in the field of Administrative and Anatomic Pathology Medicine to those persons soliciting or receiving his services, including the plaintiff SOFIA ZELDIN.

23.    At all relevant times hereinafter mentioned, defendant NYU agreed and undertook, to faithfully, carefully, skillfully and competently, and in accordance with the approved and accepted standards of skill, knowledge and proficiency prevailing and ordinarily possessed by others of his profession and specialty in the community, to render professional care, aid, attention, treatment and advice in the fields of Administrative, Oncologic, Pathology and Internal Medicine to those persons soliciting or receiving his services, including the plaintiff

5

SOFIA ZELDIN and provided inpatient services to people, including Plaintiff SOFIA ZELDIN,

for a fee.

24.    On or about May 12, 2005 , a biopsy of plaintiff SOFIA ZELDIN's right lung and

tissue was referred to and came under the examination and diagnosis of defendants NONAKA

and ZHANG.

25.    Defendant NONAKA  was careless and negligent in that he failed to properly

give attention to and evaluate SOFIA ZELDIN's medical condition, symptoms and complaints,

including but not limited to the following: failed to take into account an accurate medical/

clinical history; failed to review the prior medical records and pathology slides that were part of

the plaintiff's permanent record; failed to talk to the plaintiff's treating doctors about her

recurrent breast cancer history; failed to take into account the morphological features and

immuno-histochemistry of the specimen; failed to do any special staining or sectioning; failed to

consider metastatic breast cancer as a diagnosis; failed to call or ask for outside and/or expert

consultations; failed to look histologically at the cells and compare them to slides from

plaintiff's prior surgeries; failed to note that the similar morphology, the negative staining for

TTF1 and the strong positivity of both tumors for BRST2; failed to diagnose poorly

Differentiated Adenocarcinoma, consistent with Metastatic Breast Carcinoma, with Tumor Cells

that are positive for BRST-2 and CK7 and Negative for CK20 and TTF-1, supporting Breast

Primary diagnosis; allowed the improper chemotherapy that plaintiff SOFIA ZELDIN endured

for 3 months; allowed the improper removal of plaintiff SOFIA ZELDIN's right lung;

26.    Defendant ROTH, as a result of wrongful, improper, and unskillful

treatment caused or contributed to the improper diagnosis of "non-small cell lung cancer" by

failing to ensure that he properly trained, hired and supervised his medical/pathology staff; in failing to have proper and standard rules and regulations regarding the review of prior medical records and pathology slides for patients with recurrent treatment/disease; for failing to train or ensure and/ or supervise his physicians so that proper morphologic and immuno-histologic chemistry and staining was performed on all surgical specimens; for failing to have rules and regulations whereby all physicians and technicians seek second opinions and outside expert opinions before rendering final diagnosis; in failing to have a senior physician review all reports generated from the pathology department to be sure that the diagnosis was correct before surgery or any treatment is performed; in failing to train his physicians to talk with a patients treating physicians about medical histories and treatments; in failing to set up proper protocols for biopsy review.

27.    Defendant COHEN, as a result of the wrongful, improper, and unskillful treatment caused or contributed to the improper diagnosis of "non-small cell lung cancer" by failing to ensure that he properly trained, hired and supervised his medical/pathology staff; in failing to have proper and standard rules and regulations regarding the review of prior medical records and pathology slides for patients with recurrent treatment/disease; for failing to train or ensure and/or supervise his physicians so that proper morphologic and immuno-histologic chemistry and staining was performed on all surgical specimens; for failing to have rules and regulations whereby all physicians and technicians seek second opinions and outside expert opinions before rendering final diagnosis; in failing to have a senior physician review all reports generated from the pathology department to be sure that the diagnosis was correct before surgery or any treatment is performed; in failing to train his physicians to talk with a patients

treating physicians about medical histories and treatments; in failing to set up proper protocols

for biopsy review.

28.    Defendant ZHANG was careless and negligent in that he failed to properly give

attention to and evaluate SOFIA ZELDIN's medical condition, symptoms and complaints,

including the following: failed to take into account an accurate medical/ clinical history; failed

to review the prior medical records and pathology slides that were part of the plaintiff's

permanent record; failed to talk to the plaintiff's treating doctors about her recurrent breast

cancer history; failed to take into account the morphological features and immuno-

histochemistry of the specimen; failed to do any special staining or sectioning; failed to consider

metastatic breast cancer as a diagnosis; failed to call or ask for outside and/or expert

consultations; failed to look histologically at the cells and compare them to slides from

plaintiff's prior surgeries; failed to note that the similar morphology, the negative staining for

TTF1, and the strong positivity of both tumors for BRST2; failed to diagnose poorly

Differentiated Adenocarcinoma, consistent with Metastatic Breast Carcinoma, with Tumor Cells

that are positive for BRST-2 and CK7 and Negative for CK20 and TTF-1, supporting Breast

Primary diagnosis; allowed the improper chemotherapy that plaintiff SOFIA ZELDIN endured

for 3 months; allowed the improper removal of plaintiff SOFIA ZELDIN's right lung;

29.    Defendant NYU, as a result of the wrongful, improper, and unskillful

treatment caused or contributed to the improper diagnosis of "non-small cell lung cancer" by

failing to ensure that they properly trained, hired and supervised his medical/pathology staff; in

failing to have proper and standard rules and regulations regarding the review of prior medical

records and pathology slides for patients with recurrent treatment/disease; for failing to train or

ensure and/ or supervise physicians so that proper morphologic and immuno-histologic chemistry and staining was performed on all surgical specimens; for failing to have rules and regulations whereby all physicians and technicians seek second opinions and outside expert opinions before rendering final diagnosis; in failing to have a senior physician review all reports generated from the pathology department to be sure that the diagnosis was correct before surgery or any treatment is performed; in failing to train physicians to talk with a patients treating physicians about medical histories and treatments; in failing to set up proper protocols for biopsy review.

30.    Defendant NYU is also liable and responsible for the negligent acts and omissions of its employees, agents and servants under the theory of *respondiat superior*.

31.    As a result of this wrongful, improper, and unskillful treatment, defendant NONAKA caused SOFIA ZELDIN physical and emotional injuries including the loss of her right lung through an unnecessary surgery; was made to undergo the wrong chemotherapy with its sequella and long/short term effects; and has made her generally debilitated due to restrictive lung volumes.

32.    As a result of this wrongful, improper, and unskillful treatment, defendant ROTH caused plaintiff SOFIA ZELDIN physical and emotional injuries including the loss of her right lung through an unnecessary surgery; made her undergo the wrong chemotherapy with its sequella and long/short term effects; and has made her generally debilitated due to restrictive lung volumes.

33.    As a result of this wrongful, improper, and unskillful treatment, defendant COHEN caused SOFIA ZELDIN physical and emotional injuries including the loss of her right

lung through an unnecessary surgery; made her undergo the wrong chemotherapy with its long/short term sequlae; and has made her generally debilitated due to restrictive lung volumes.

34.    As a result of this wrongful, improper, and unskillful treatment, defendant ZHANG caused SOFIA ZELDIN physical and emotional injuries including the loss of her right lung through an unnecessary surgery; made her undergo the wrong chemotherapy with its long/short term effects and sequella; and has made her generally debilitated due to restrictive lung volumes.

35.    As a result of this wrongful, improper, and unskillful treatment, defendant NYU caused SOFIA ZELDIN physical and emotional injuries including the loss of her right lung through an unnecessary surgery; made her undergo the wrong chemotherapy with its long/short term effects and sequella; and has made her generally debilitated due to restrictive lung volumes.

36.    As a proximate result of all of the aforesaid negligent care and treatment plaintiff SOFIA ZELDIN has experienced and will continue to experience and suffer from substantial pain, suffering, mental anguish and disability; she has and will continue to be deprived of the ability to enjoy many normal functions and pleasures of life; she has been and will continue to be deprived of time with her family; has been required to and will continue to be required to expend money for medical and hospital care and treatment and to obtain goods and services related to her injuries; and has suffered and will continue to suffer loss of the ability to earn and to perform services, and has otherwise suffered and will continue to suffer injury and damage.

37.    By reason of all the foregoing, plaintiff SOFIA ZELDIN is entitled to all economic and non-economic damages available under New York law and has been damaged in the sum of TWO MILLION DOLLARS ($2,000,000.00) in the first cause of action.

### AS AND FOR A SECOND CAUSE OF ACTION
### FOR LOSS OF CONSORTIUM ON BEHALF OF BORIS ZELDIN

38.    Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs 1 through 37 inclusive of the Complaint with the same force and effect as if fully set forth herein.

39.    At all times herein mentioned, plaintiff BORIS ZELDIN was the lawful husband of SOFIA ZELDIN, and they resided and cohabited together as husband and wife and continue to do so up until the present.

40.    By reason of the foregoing carelessness, negligence and malpractice of the defendants, SOFIA ZELDIN was seriously, severely and permanently injured, was confined to a hospital and rendered disabled and BORIS ZELDIN was and is deprived of, and lost, the services, society, consortium and companionship of his wife SOFIA ZELDIN, and her services, financial contributions and support and has suffered other damages from May 12, 2005 to the present.

41.    By reason of all the foregoing, plaintiff BORIS ZELDIN is entitled to all economic and non-economic damages available under New York law and has been damaged in the sum of FIVE HUNDRED THOUSAND DOLLARS $500,000.00

42.    WHEREFORE, plaintiffs SOFIA ZELDIN, and BORIS ZELDIN , individually demand judgment against the defendants in the amount of TWO MILLION $2,000,000.00 on the first cause of action and FIVE HUNDRED DOLLARS $500,000.00 on the second cause of

action, together with the costs and disbursements of this action, and any other relief that the

court deems just and proper.


Dated: New York, New York
       October 2✗, 2007                    Yours, etc.

                                          KREINDLER & KREINDLER LLP


                                          By_____
                                              Noah H. Kushlefsky, Esq.
                                              100 Park Avenue
                                              New York, NY 10017
                                              (212) 687-8181
                                              *Attorneys for Plaintiff*

12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

SOFIA ZELDIN and BORIS ZELDIN

|  |  |
|---|---|
| Plaintiff, | Index No.: |
| -against- | **CERTIFICATE OF MERIT**<br>**PURSUANT TO CPLR 3012(a) T** |

DAISUKE NONAKA, M.D. and NYU MEDICAL
CENTER

Defendants.

------------------------------------------------------------------x

STATE OF NEW YORK    )
                      :ss.:
COUNTY OF NEW YORK  )

       NOAH H. KUSHLEFSKY, being duly sworn deposes and says:

       1.      That I am a partner of the firm of Kreindler & Kreindler LLP and as such am fully familiar with the facts and circumstances relating to the within action.

       2.      That I have reviewed the facts of the within case and know that physicians licensed to practice medicine in this State have been consulted with and I reasonably believe to them to be knowledgeable in the relevant issues involved in this particular action and I have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of such action.

                                                        Noah H. Kushlefsky, Esq.

Sworn to before me this
29th day of October 2007

       Notary Public

**LISHA G. LaPLANTE**
**Notary Public, State of New York**
No. 01LA4858847
Qualified in Queens County
Commission Expires May 12, 20__