UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
SOFIA ZELDIN & BORIS ZELDIN,                     **Index No.: 07 CV 9608**

                    Plaintiffs,     **ANSWER**

     -against-
                                                 **Defendant Demands a Jury Trial**
DAISUKE NONAKA, M.D., DAVID ROTH, M.D.,
Ph.D, MAX M. COHEN, M.D., XINMIN ZHANG,          **Judge Baer**
M.D., and NYU MEDICAL CENTER,

                    Defendants.
-----------------------------------------------------------------------X

       Defendants, DAISUKE NONAKA, M.D., DAVID ROTH, M.D., Ph.D., MAX M. COHEN, M.D. and XINMIN ZHANG, M.D., by their attorneys, BARTLETT, McDONOUGH, BASTONE & MONAGHAN, LLP, as and for their Answer to plaintiff's Complaint, respectfully shows to this Court, and alleges upon information and belief:

### JURISDICTION AND VENUE

       FIRST:    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph(s) "1" except admits that DAISUKE NONAKA, M.D., is a resident of the State of New York; DAVID ROTH, M.D., Ph.D., is a resident of the State of New York; defendant, MAX M. COHEN, M.D., is a resident of the State of Florida; defendant, XINMIN ZHANG, M.D., is a resident of the State of New York; defendant, NYU HOSPITALS CENTER is a domestic not-for-profit corporation duly organized and existing under and by virtue of the laws of the State of New York.

       SECOND:    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph(s) "2".

### ANSWERING THE FIRST CAUSE OF ACTION

       THIRD:    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph(s) "3", "6", "15", "19', "20", "21", "22", "23" and "24" except

admits that one SOFIA ZELDIN was admitted to NYU HOSPITALS CENTER in New York City on May 12, 2005, where she received hospital and medical services in accordance with that degree of care, skill and diligence used and provided by hospitals and physicians generally in the same or similar communities and respectfully begs leave to refer to the medical records as to the facts and circumstances attendant thereto.

FOURTH:   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph(s) "4" and "5" except admits that CAISUKE NONAKA, M.D. was a physician licensed to practice medicine in the State of New York, specializing in the field of Pathology, with offices located at Department of Pathology, New York University Hospitals Center, 560 First Avenue, Tisch Hospital, TH382, New York, New York 10016; that DR. NONAKA was a member of the voluntary attending staff at NYU HOSPITALS CENTER and respectfully refers all questions of law to this Honorable Court.

FIFTH:   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph(s) "7", "8" and "9" except admits that DAVID ROTH, M.D., was a physician licensed to practice medicine in the State of New York, specializing in the field of Pathology, who was a member of the attending staff at NYU HOSPITALS CENTER and Chairman of the Department of Pathology, with offices located at the Skirball Institute for Biomolecular Medicine, 540 First Avenue, New York, New York 10016 and respectfully refers all questions of law to this Honorable Court.

SIXTH:   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph(s) "10", "11" and "12" except admits that MAX M. COHEN, M.D., was a physician licensed to practice medicine in the State of New York, specializing in general surgery who was Chief Medical Officer for NYU HOSPITALS CENTER with offices at 550 First

Avenue, New York, New York 10016, and respectfully refers all questions of law to this Honorable Court.

SEVENTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph(s) "13" and "14" except admits that XINMIN ZHANG, M.D., was a physician licensed to practice medicine in the State of New York, specializing in Pathology with offices at 550 First Avenue, New York, New York 10016; that DR. ZHANG was a member of the attending staff at NYU HOSPITALS CENTER and respectfully refers all questions of law to this Honorable Court.

EIGHTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph(s) "16", "17" and "18" except admits that NYU HOSPITALS CENTER was a domestic not-for-profit corporation duly organized and existing under and by virtue of the laws of the State of New York, located at 550 First Avenue, New York, New York 10016, which operated a duly accredited hospital on First Avenue, New York, New York, in the usual and customary manner of hospitals generally in the same or similar communities.

NINTH: Denies the allegations contained in paragraph(s) "25", "26", "27", "28", "29", "31", "32", "33", "34", "35", "36" and "37".

TENTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph(s) "30" and respectfully refers all questions of law to this Honorable Court.

**ANSWERING THE SECOND CAUSE OF ACTION**

ELEVENTH: In response to paragraph "38" repeats each admission or denial made herein as though fully set forth herat.

TWELFTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph(s) "39".

THIRTEENTH: Denies the allegations contained in paragraph(s) "40", "41" and "42".

### FIRST AFFIRMATIVE DEFENSE

FOURTEENTH: That if any liability is found as against this answering defendant, then said liability will constitute 50% or less of the total liability assigned to all persons liable, and as such, the liability of this answering defendant to plaintiffs for non-economic loss shall be limited, and shall not exceed this answering defendant's equitable share, as provided in Article 16 of the C.P.L.R.

### SECOND AFFIRMATIVE DEFENSE

FIFTEENTH: In the event plaintiffs recover a verdict or judgment against defendants, such verdict or judgment must be reduced pursuant to Section 4545 of the Civil Practice Laws and Rules by those amounts which have been, or will, with reasonable certainty replace or indemnify plaintiffs in whole or in part, for any past or future claimed economic loss, from any collateral source.

WHEREFORE, the answering defendant demands judgment dismissing the Complaint, together with the costs and disbursements of this action.

Dated: Mineola, New York
November 27, 2007

Yours, etc.,

BARTLETT, MCDONOUGH, BASTONE
& MONAGHAN, LLP
BY: *Kenneth R. Reiser*
     KENNETH R. REISER (KRR8153)
Attorneys for Respondents
NYU HOSPITALS CENTER, DAISUKE NONAKA, M.D., DAVID ROTH, M.D., Ph.D., MAX M. COHEN, M.D. and XINMIN ZHANG, M.D.
300 Old Country Road
Mineola, New York  11501
516-877-2900
**BMB&M File No.: 130-0257**

TO:    KREINDLER & KREINDLER, LLP
        Attorneys for Plaintiffs
        100 Park Avenue
        New York, New York 10017
        Tel.: (212) 687-8181

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 27, 2007 the foregoing ANSWER was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants:

>NOAH KUSHLEFSKY, ESQ.
>KREINDLER & KRENDLER, LLP
>100 Park Avenue
>New York, New York 10017

Defendant is unaware if any other defendants served to date.

_____
KENNETH R. REISER (KRR8153)