UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SOFIA ZELDIN & BORIS ZELDIN,    Index No.: 07 CV 9608

           Plaintiffs    DEFENDANTS' INITIAL
    RULE 26 DISCLOSURE
- against -

DAISUKE NONAKA, M.D., DAVID ROTH, M.D.,
Ph.D, MAX M. COHEN, M.D., ZINMIN ZHANG,    Judge Baer
M.D., and NYU MEDICAL CENTER,

           Defendants.
------------------------------------------------------------X

S I R S:

    **PLEASE TAKE NOTICE,** that the defendants, DAISUKE NONAKA, M.D., DAVID ROTH, M.D., Ph.D, MAX M. COHEN, M.D., ZINMIN ZHANG, M.D. and NYU MEDICAL CENTER, by their attorneys, Bartlett, McDonough, Bastone & Monaghan, LLP, do provide, pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, an initial disclosure, upon information and belief as follows:

1.    The defendants state that the following people may have discoverable information relating to this matter:

    a.    The defendants incorporate by reference the names, addresses and phone numbers provided by the law firm of Kreindler & Kreindler in their November 30, 2007 "Response to Disclosure No. 1".

    b.    Other medical professionals associated with and/or employed by NYU Hospitals to be determined. At this time, however, those individuals, in addition to those

        individuals named in "a" above, whose names and/or signatures may be contained in the medical records from NYU, are at this time unknown and are also unknown to have any additional discoverable information which is not cummulative. However, if any such individual is determined to exist and have additional discoverable information, their information will be provided pursuant to this Rule once identified.

    c.    Other employees of defendant NYU Hospitals Center to be determined in accordance with "b" above.

2.    The defendants are unaware of the existence of any documents, data compilations or tangible things which are not already in the possession of plaintiffs' counsel and have been provided as noted in Kreindler & Kreindler's Response to Disclosure No. 2 of November 30, 2007. Regarding the plaintiff's First Request for Production of Documents dated March 20, 2008, a response to that demand is being made under separate cover. Otherwise, the defendants are unaware at this time of the existence of any further documents, data compilations or tangible things which are discoverable and admissible pursuant to this Rule.

3.    As for a computation of damages, such disclosure is to be provided by the plaintiffs along with supporting documentation. To date, we have only received plaintiffs' categorization of such damages but no computations or supporting data, including past medical expenses which the plaintiffs indicate are being assembled. Nonetheless, we anticipate rebutting any such damages claimed by the plaintiff regarding past medical expenses, future medical expenses, past economic loss, future economic loss, past pain and suffering, future pain and suffering, past loss of consortium and past loss of services, future loss of services, future loss of consortium, past loss of enjoyment of life and future loss of enjoyment of life. Regarding