UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

| | |
|---|---|
| SOFIA ZELDIN & BORIS ZELDIN, | Index No.: 07 CV 9608 |
| Plaintiffs | DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS |
| - against - | |
| DAISUKE NONAKA, M.D., DAVID ROTH, M.D., Ph.D, MAX M. COHEN, M.D., ZINMIN ZHANG, M.D., and NYU MEDICAL CENTER, | Judge Baer |
| Defendants. | |

------------------------------------------------------------X

S I R S:

**PLEASE TAKE NOTICE,** that the defendants, DAISUKE NONAKA, M.D., DAVID ROTH, M.D., Ph.D, MAX M. COHEN, M.D., ZINMIN ZHANG, M.D. and NYU MEDICAL CENTER, by their attorneys, Bartlett, McDonough, Bastone & Monaghan, LLP, do respond, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, to the plaintiff's First Request for Production of Documents, upon information and belief as follows:

1. The defendants object to this demand as calling for discovery which is beyond the scope of claims in this matter and will not lead to relevant or admissible evidence. The claims in this matter surround a period of time beginning in May 2005 when Sophia Zeldin underwent a mediastinoscopy up to September 2005 when she underwent a pneumonectomy. Therefore, such discovery requested before or after that period of time is objectionable as it calls for irrelevant and inadmissible documents, as well as documents which may incorporate subsequent remedial measures. The demand is also unduly burdensome and overbroad.

Without waiving said objection, however, a response to this demand for the time period incorporating the claimed negligence (2005) will be provided under separate cover to the extent that such documents exist and are not privileged. The hospital is in the process of completing its investigation into this issue and we therefore reserve our right to make appropriate objections once said investigation has been completed.

2. The defendants make the same objection as noted in response #1. Without waiving said objection, however, a response to this demand for the time period incorporating the claimed negligence (2005) will be provided under separate cover to the extent that such documents exist and are not privileged. The hospital is in the process of completing its investigation into this issue and we therefore reserve our right to make appropriate objections once said investigation has been completed.

3. The defendants object to this demand as it clearly calls for subsequent remedial measures which are both privileged and inadmissible. The demand is also vague, overbroad, unduly burdensome and beyond the scope of claims in this matter.

4. The defendants object to this demand as being vague, overbroad, unduly burdensome, and beyond the scope of claims in this matter, as well as may call for privileged information. The information requested is also not reasonably intended to lead to relevant or admissible evidence and calls for information which may incorporate subsequent remedial measures. Without waiving said objections, the hospital is in the process of investigating whether any such documents exist for the claimed period of negligence and a response will be provided under separate cover to the extent that such documents exist and are not privileged or otherwise objectionable.

5. The defendants make the same objection as noted in response #1. Without waiving said

objection, however, a response to this demand for the time period incorporating the claimed negligence (2005) will be provided under separate cover to the extent that such documents exist and are not privileged. The hospital is in the process of completing its investigation into this issue and we therefore reserve our right to make appropriate objections once said investigation has been completed.

6. The defendants object to this demand as vague, overbroad, unduly burdensome and calling for discovery which is not reasonably calculated to lead to admissible evidence, as well as calls for discovery which is beyond the scope of claims in this matter. This demand also calls for the production of documents which may be privileged pursuant to Public Health Law and 45 CFR 60.

7. The defendants object to this demand pursuant to response #6 above.

8. The defendants make the same objection as noted in response #1 and also object on the grounds that this demand is duplicative of other demands made within this same Request and is otherwise vague, overbroad and unduly burdensome . Without waiving said objections, however, a response to this demand for the time period incorporating the claimed negligence (2005) will be provided under separate cover to the extent that such documents exist and are not privileged. The hospital is in the process of completing its investigation into this issue and we therefore reserve our right to make appropriate objections once said investigation has been completed.

9. The defendants are unaware at this time of any documents, reports, letters, complaints, findings, affidavits and/or statements to or from the defendants concerning the medical care and treatment of Sofia Zeldin, other than those documents contained in the medical records which are already in your possession. To the extent that any such documents, etc. exist and

are discovered throughout the course of discovery, they will be provided under separate cover to the extent that they are not privileged. The defendants otherwise object to this demand as unduly burdensome.

10. The defendants object to this demand as calling for privileged information pursuant to Public Health and Education Laws, and on the grounds that the demand is otherwise vague, overbroad, unduly burdensome, duplicative and calls for discovery not reasonably calculated to lead to admissible evidence. Without waiving said objection, however, the defendants are unaware at this time of any such documents, reports, letters, complaints, findings, affidavits and/or statements other than those documents contained in the medical records which are already in your possession. To the extent that any such documents, etc. exist and are discovered throughout the course of discovery, they will be provided under separate cover to the extent that they are not privileged. The defendants otherwise object to this demand as unduly burdensome.

11. Upon information and belief, you are already in possession of the complete medical records from NYU Medical Center regarding the care and treatment of Sofia Zeldin. To the extent that you feel that you do not have a complete copy of any portion of such records, kindly let us know so that we can provide those records to you, to the extent that they exist. Regarding pathology slides, the hospital has a strict policy that recuts of slides are not performed. Should you wish to review the original slides, please contact this office and arrangements can be made for such review.

12. Curriculum Vitaes for the defendants will be provided under separate cover, to the extent that they exist, at or prior to the defendants depositions.

PLEASE TAKE FURTHER NOTICE, that the responding defendants reserve their right to

supplement and/or amend the above responses up to and including the trial of this matter.

Dated:   Mineola, New York
        April 28, 2008

Yours, etc.
BARTLETT, MCDONOUGH, BASTONE
& MONAGHAN LLP

By: _____
BRIAN S. MOODY
Attorneys for Defendants
300 Old Country Road
Mineola, New York 11501
(516) 877-2900
BMBM File No. 130-257

TO: KREINDLER & KREINDLER LLP
    Attorneys for Plaintiffs
    100 Park Avenue
    New York, New York 10017
    (212) 687-8181

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK        )
                                           ss.:
COUNTY OF NASSAU         )

      Linda Hochheiser, being duly sworn, deposes and says: that deponent is not a party to the action, is over 18 years of age and resides at Suffolk County, New York.

      That on the 29th day of April, 2008, deponent served the within

**DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS**

upon:    KREINDLER & KREINDLER, LLP
           Attorneys for Plaintiffs
           100 Park Avenue
           New York, New York 10017
           Tel.: (212) 687-8181

at the address designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

                                                                       Linda Hochheiser

Sworn to before me this

29th day of April, 2008

NOTARY PUBLIC

MARYANN TAGLIAGAMBE
NOTARY PUBLIC, State of New York
No. 01TA6091197
Qualified in Nassau County
Commission Expires 04/28/2011