UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

SOFIA ZELDIN & BORIS ZELDIN,　　　　　　　Index No.: 07 CV 9608

　　　　　　　Plaintiffs　　　　　　　　　　　　　　DEFENDANTS'
　　　　　　　　　　　　　　　　　　　　　　　　　SUPPLEMENTAL RESPONSE
　　　　　　　　　　　　　　　　　　　　　　　　　TO PLAINTIFF'S FIRST
- against -　　　　　　　　　　　　　　　　　　　REQUEST FOR PRODUCTION
　　　　　　　　　　　　　　　　　　　　　　　　　OF DOCUMENTS

DAISUKE NONAKA, M.D., DAVID ROTH, M.D.,
Ph.D, MAX M. COHEN, M.D., ZINMIN ZHANG,　　　Judge Baer
M.D., and NYU MEDICAL CENTER,

　　　　　　　Defendants.
-------------------------------------------------------------X

S I R S:

　　**PLEASE TAKE NOTICE,** that the defendants, DAISUKE NONAKA, M.D., DAVID ROTH, M.D., Ph.D, MAX M. COHEN, M.D., ZINMIN ZHANG, M.D. and NYU MEDICAL CENTER, by their attorneys, Bartlett, McDonough, Bastone & Monaghan, LLP, do respond, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, to the plaintiff's First Request for Production of Documents, upon information and belief as follows:

1.　　The defendants object to this demand as calling for discovery which is beyond the scope of claims in this matter and will not lead to relevant or admissible evidence. The claims in this matter surround a period of time beginning in May 2005 when Sophia Zeldin underwent a mediastinoscopy up to September 2005 when she underwent a pneumonectomy. Therefore, such discovery requested before or after that period of time is objectionable as it calls for irrelevant and inadmissible documents, as well as documents which may incorporate subsequent remedial measures. The demand is also unduly burdensome and overbroad. Without waiving said objection, however, New York University Medical Center's Pathology

Department follows the New York State Standards known as the College of American Pathology (CAP) which has a website with information which can be obtained online. Otherwise, see number 8 below.

2. The defendants make the same objection as noted in response #1. Without waiving said objection, however, New York University Medical Center's Pathology Department does not follow JCAH guidelines. Otherwise refer to response numbers 1 and 8.

3. The defendants object to this demand as it clearly calls for subsequent remedial measures which are both privileged and inadmissible. The demand is also vague, overbroad, unduly burdensome and beyond the scope of claims in this matter. Without waiving said objections, however, the hospital has investigated this matter and upon such investigation it was determined that no such materials exist. Please also refer to response number 2 and 8.

4. The defendants object to this demand as being vague, overbroad, unduly burdensome, and beyond the scope of claims in this matter, as well as may call for privileged information. The information requested is also not reasonably intended to lead to relevant or admissible evidence and calls for information which may incorporate subsequent remedial measures. Without waiving said objections, however, annexed hereto as **Exhibit A** are relevant sections of New York University Hospitals Center's Bylaws of the Medical Staff as well as the NYU Credentialing Flow Chart.

5. The defendants make the same objection as noted in response #1. Without waiving said objection, however, the hospital has conducted an investigation and upon such investigation has determined that no such specific documents exist. Otherwise please refer to response number 8.

6. The defendants object to this demand as vague, overbroad, unduly burdensome, duplicative

calling for discovery which is not reasonably calculated to lead to admissible evidence, as well as calls for discovery which is beyond the scope of claims in this matter. This demand also calls for the production of documents which may be privileged pursuant to Public Health Law and 45 CFR 60. Without waiving said objections, however, please refer to Exhibit A which contains the relevant sections of New York University Hospitals Center's Bylaws of the Medical Staff as well as the NYU Credentialing Flow Chart.

7. The defendants object to this demand pursuant to response #6 above. Without waiving said objections, however, please refer to Exhibit A which contains the relevant sections of New York University Hospitals Center's Bylaws of the Medical Staff as well as the NYU Credentialing Flow Chart.

8. The defendants make the same objection as noted in response #1 and also object on the grounds that this demand is duplicative of other demands made within this same Request and is otherwise vague, overbroad and unduly burdensome. Without waiving said objections, however, annexed hereto as **Exhibit B** are the relevant sections from New York University Medical Center's Pathology Department's Policy and Procedure Manual.

9. The defendants are unaware at this time of any documents, reports, letters, complaints, findings, affidavits and/or statements to or from the defendants concerning the medical care and treatment of Sofia Zeldin, other than those documents contained in the medical records which are already in your possession, or which are contained in letters from the hospital which you already have. To the extent that any such additional documents exist and are discovered throughout the course of discovery, they will be provided under separate cover to the extent that they are not privileged. The defendants otherwise object to this demand as unduly burdensome.

10. The defendants object to this demand as calling for privileged information pursuant to Public Health and Education Laws, and on the grounds that the demand is otherwise vague, overbroad, unduly burdensome, duplicative and calls for discovery not reasonably calculated to lead to admissible evidence. Without waiving said objection, however, New York University Medical Center has performed an investigation into this matter and upon investigation, there exist no such documents, reports, letters, complaints, findings, affidavits and/or statements.

11. Upon information and belief, you are already in possession of the complete medical records from NYU Medical Center regarding the care and treatment of Sofia Zeldin. To the extent that you feel that you do not have a complete copy of any portion of such records, kindly let us know so that we can provide those records to you, to the extent that they exist. Regarding pathology slides, the hospital has a policy that recuts of slides are not performed. Should you wish to review the original slides, please contact this office and arrangements can be made for such review.

12. Curriculum Vitaes for the defendants will be provided under separate cover, to the extent that they exist, at or prior to the defendants' depositions.

PLEASE TAKE FURTHER NOTICE, that the responding defendants reserve their right to supplement and/or amend the above responses up to and including the trial of this matter.

Dated: Mineola, New York
May 5, 2008

Yours, etc.
BARTLETT, MCDONOUGH, BASTONE
& MONAGHAN LLP

By: _____
BRIAN S. MOODY
Attorneys for Defendants
300 Old Country Road

Mineola, New York 11501
(516) 877-2900
BMBM File No. 130-257

TO: KREINDLER & KREINDLER LLP
    Attorneys for Plaintiffs
    100 Park Avenue
    New York, New York 10017
    (212) 687-8181